
```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

| | | |
|---|---|---|
| MALIBU MEDIA, LLC | : | CIVIL ACTION |
|  | : |  |
| v. | : |  |
|  | : |  |
| JOHN DOES 1-16 | : | NO. 12-2091 |

<u>ORDER</u>

AND NOW, this 12th day of July, 2012, upon consideration of plaintiff Malibu Media, LLC's ("Malibu") <u>ex parte</u> motion for expedited discovery to serve third party subpoenas prior to a Rule 26(f) Conference and accompanying memorandum of law (docket entry # 4), and the motion to expedite hearing (docket entry # 5), and the Court finding that:

(a)  Malibu's motion for expedited discovery seeks Rule 45 subpoenas to obtain from two internet service providers ("ISPs"), Comcast Cable and Verizon Internet Services, the true name, address, telephone number, e-mail address, and Media Access Control ("MAC") address of each of the sixteen Doe Defendants to whom belong the IP addresses listed in the chart accompanying the complaint and motion;

(b)  It supports its motion for expedited discovery with a declaration signed by Tobias Fieser, an employee of IPP, Limited, a German corporation retained by it to identify the IP addresses of people who were allegedly using BitTorrent and the

internet to "reproduce, distribute, display or perform Plaintiffs' [sic] copyrighted work[,]" Fieser Decl. ¶ 12;

    (c)  Fieser declares that he used a piece of forensic software named INTERNATIONAL IPTRACKER v.1.2.1 to scan peer-to-peer networks for the presence of infringing transactions and personally extracted the resulting data;

    (d)  He reviewed the evidence logs, isolated possible infringing transactions, and identified the IP addresses being used by alleged infringers;

    (e)  Moreover, he verified that the digital media file transferred was "identical, striking[ly] similar or substantially similar" to the copyrighted work here;

    (f)  Based on this representation, Malibu has adduced evidentiary support for its claim that the Doe Defendants here allegedly used a peer-to-peer system to download its copyrighted work and/or distribute copyrighted works to the public;

    (g)  This constitutes good cause to permit this limited expedited discovery in the form of service of third party subpoenas to Comcast Cable and Verizon Internet Services, see Arista Records, LLC v. Doe 3, 604 F.3d 110, 113 (2d Cir. 2010) (noting with apparent approval the district court's authorization of third party subpoena service on ISPs where declarant described

"the retention of a third-party investigator that had proceeded to detect numerous copyrighted music files in the various Doe defendants' file-sharing folders on peer-to-peer networks . . . and he described the RIAA's review of the investigator's evidence to verify that each individual was infringing"); see also Pl.'s Memorandum of Law at 4-4, Arista Records LLC v. DOES 1-16, No. 08-765 (N.D.N.Y. July 17, 2008) (citing persuasive authority);

    (h)  Malibu may thus obtain the true name, address, telephone number, e-mail address, and Media Access Control ("MAC") address of each of the sixteen Doe Defendants from Comcast Cable and Verizon Internet Services pursuant to the terms of this Order outlined below;

    It is hereby ORDERED that:

    1.  The motion for expedited discovery and service of third party subpoenas (docket entry # 4) is GRANTED IN PART;

    2.  The motion to expedite hearing (docket entry # 5) is DENIED AS MOOT;

    3.  Plaintiff may SERVE a third party subpoena on Comcast Cable and Verizon Internet Services to obtain the true name, address, telephone number, e-mail address, and Media Access Control ("MAC") address of each of the sixteen Doe Defendants;

4. The subpoena shall be RETURNABLE on August 12, 2012;

5. By noon on July 16, 2012, Malibu Media, LLC shall SERVE a copy of this Order along with the subpoena on Comcast Cable and Verizon Internet Services;

6. By July 26, 2012, Comcast Cable and Verizon Internet Services shall by certified first-class mail (a) notify each Doe Defendant that it intends to disclose the requested information to Malibu Media, LLC; and (2) send to each Doe Defendant a copy of the subpoena and this Order;

7. By August 5, 2012, Comcast Cable, Verizon Internet Services, or any of the Doe Defendants who may wish to move to quash the subpoena must do so and such motions shall be directed to this Court with reference to this case;

8. Comcast Cable and Verizon Internet Services shall NOT DESTROY any of the identifying information sought here from its databases until it has complied with the subpoena in full or upon further order of this Court;

9. The information Comcast Cable and Verizon Internet Services may disclose to Malibu Media, LLC in response to the subpoena will be used by it <u>solely</u> for purpose of protecting its rights under the Copyright Act;

10. By noon on August 5, 2012, Malibu Media, LLC shall by fax (215-580-2156) inform the Court as to the status of service of process on each of the sixteen Doe Defendants; and

11. Further scheduling shall ABIDE receipt of Malibu Media, LLC's status report.

BY THE COURT:

/s/ Stewart Dalzell, J.